**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| THE VALSPAR CORPORATION and VALSPAR SOURCING, INC., <br><br> Plaintiffs, <br><br> v. <br><br> PPG INDUSTRIES, INC., <br><br> Defendant. | Case No. 0:16-cv-01429-SRN-SER <br><br> Judge Susan Richard Nelson <br><br> Magistrate Judge Steven E. Rau |

**THE VALSPAR CORPORATION AND VALSPAR SOURCING, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING ITS OPPOSITION TO PPG INDUSTRIES, INC.'S MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE (DKT. 88)**

Plaintiffs The Valspar Corporation and Valspar Sourcing, Inc. ("Valspar") respectfully call the Court's attention to a decision by the United States District Court for the Northern District of Texas, *iLife Techs., Inc. v. Nintendo of Am., Inc.*, No. 3:13-cv-04987, 2017 WL 2778006 (N.D. Tex. June 27, 2017), issued after Valspar filed its Opposition.

In *iLife*, the Defendant Nintendo responded to venue: "Defendant admits that venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b). Defendant denies that the Northern District of Texas is a convenient venue…." *Id.* at *1. Subsequently, Nintendo "move[d] to dismiss or transfer this case to the Western District of Washington under § 1406(a)" in view of *TC Heartland*. *Id.* "iLife argue[d] that Nintendo affirmatively admitted that venue was proper in its Answer and Amended Answer, and by failing to make a 'timely and sufficient' objection to venue, Nintendo

waived its venue defense." *Id.* at *5. Nintendo countered "that it did not waive improper venue, because before the *TC Heartland* decision was issued, the defense of improper venue was not available, due to the Federal Circuit precedent of *VE Holding*." *Id.*

The court held that "*TC Heartland* does not qualify as an intervening change in law" and denied the motion to transfer:

> The Court concludes, therefore, except where congressional abrogation of a Supreme Court decision is express, "only [the Supreme] Court may overrule one of its precedents"—whether through its own opinion or recognition of congressional override—and until that occurs, *Fourco* is and still was the law. *See Thurston Motor Lines, Inc. v. Jordan K. Rand, Ltd.*, 460 U.S. 533, 533 (1983) (per curiam). In *VE Holding*, the Federal Circuit clearly thought that Congress had implicitly overridden *Fourco* by statutory amendment. However, until the Supreme Court considered the question, *Fourco* remained the law. The intervening twenty-seven years may have created reliance on *VE Holding* by litigants, including Nintendo, but that "does not change the harsh reality" that a party could have "ultimately succeeded in convincing the Supreme Court to reaffirm *Fourco*, just as the petitioner in *TC Heartland* did." *Elbit Systems [Land & C4I Ltd. v. Hughes Network Sys., LLC*, Case No. 2:15-CV-00037-RWS-RSP], 2017 WL 2651618, at *20 [(E.D. Tex. June 20, 2017)].

*iLife*, 2017 WL 2778006, at *7.

Dated: June 29, 2017 **BRIGGS AND MORGAN, P.A.**

*/s/ Garret A. Leach*
Patrick S. Williams (#196502)
2000 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 977-8400
pwilliams@briggs.com

Garret A. Leach, P.C. (*pro hac vice*)
Elizabeth A. Cutri (*pro hac vice*)
Adam M. Kaufmann (*pro hac vice*)
Kirkland & Ellis LLP
300 N. La Salle
Chicago, IL 60654
(312) 862-2000
garret.leach@kirkland.com
elizabeth.cutri@kirkland.com
adam.kaufmann@kirkland.com

Andrew Ubel (#235799)
1101 South Third Street
Minneapolis, MN 55415
aubel@valspar.com

*Counsel for Plaintiffs The Valspar Corporation and Valspar Sourcing, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 29, 2017, I caused the foregoing document, THE VALSPAR CORPORATION AND VALSPAR SOURCING, INC.'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING ITS OPPOSITION TO PPG INDUSTRIES, INC.'S MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE (DKT. 88) to be filed electronically with the Clerk of the Court through ECF, and that ECF will send an e-mail notice of electronic filing to all counsel of record.

By: */s/ Garret A. Leach*
Garret A. Leach, P.C.