# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| The Valspar Corporation and Valspar Sourcing, Inc., <br><br> Plaintiffs, <br><br> v. <br><br> PPG Industries, Inc., <br><br> Defendant. | Case No. 16-cv-1429 (SRN/SER) <br><br><br> **MEMORANDUM OPINION AND ORDER** |

Garret A. Leach, Adam M. Kaufmann, Elizabeth A. Cutri, Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Patrick S. Williams, Briggs & Morgan, PA, 80 South Eighth Street, Suite 2200, Minneapolis, Minnesota 55402, F. Andrew Ubel, III, The Valspar Corporation, 1101 South Third Street, Minneapolis, Minnesota 55415, and Andrew A. DeMaster, Valspar Sourcing, Inc., P.O. Box 1461, Minneapolis, Minnesota 55440, for Plaintiffs.

Celine J. Crowson, Joseph J. Raffetto, Hogan Lovells US LLP, 555 Thirteenth Street Northwest, Washington, District of Columbia 20004, Lewis A. Remele, Jr., and Jeffrey D. Klobucar, Bassford Remele, PA, 33 South Sixth Street, Suite 3800, Minneapolis, Minnesota, 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

## I.  INTRODUCTION

This matter comes before the Court on Defendant's Motion to Dismiss for Improper Venue [Doc. No. 84]. For the reasons stated herein, Defendant's Motion is granted, and this case is transferred to the Western District of Pennsylvania.

## II.  BACKGROUND

Plaintiffs The Valspar Corporation and Valspar Sourcing, Inc. (collectively,

"Valspar") are, respectively, the exclusive licensee and owner of several patents relating to spray-applied bisphenol A ("BPA")-free coatings used on food and beverage cans. *See Valspar Corp. v. PPG Indus., Inc.*, No. 16-cv-1429 (SRN/SER), 2017 WL 6534414, at *1 (D. Minn. Nov. 3, 2016). Valspar alleges that Defendant PPG Industries, Inc. ("PPG") has developed and marketed a competing product, INNOVEL HPS ("Innovel") that infringes on these patents. *See id.* On the basis of those allegations, the present suit commenced on May 23, 2016. *See id.*

On September 9, 2016, PPG moved to transfer this case to the Western District of Pennsylvania, arguing that that district was a more convenient forum for the parties and witnesses, and that it would best serve the interests of justice. (*See* Def.'s Mot. to Transfer [Doc. No. 33] at 1.) *See* 28 U.S.C. § 1404(a). Notably, for purposes of the present motion, PPG did *not* contend that venue in Minnesota was improper. Indeed, at all times prior to filing this motion, it conceded that venue was technically proper in Minnesota under prevailing law. (*See, e.g.*, Answer to Am. Compl. [Doc. No. 40] ¶ 15 ("PPG admits that venue for this action is proper in the District of Minnesota. . . .").) After careful consideration, this Court denied PPG's motion to transfer, finding that PPG had "failed to satisfy its heavy burden of demonstrating that the Western District of Pennsylvania is a more convenient forum for this case than the District of Minnesota." *Valspar*, 2017 WL 6534414, at *6 (citing *Datalink Corp. v. Perkins Eastman Architects, P.C.*, 33 F. Supp. 3d 1068, 1079 (D. Minn. 2014)).

On June 9, 2017, PPG filed the present motion to amend its answer to deny that venue is proper, pursuant to Federal Rule of Civil Procedure 15(a)(2), and to dismiss this

2

case (or in the alternative, to transfer it) pursuant to Federal Rule of Civil Procedure 12(b)(3). As justification for the untimeliness of the motion, PPG asserts that while venue *had* been proper in Minnesota under prevailing law at the time suit was filed, it was no longer in the wake of the Supreme Court's May 22, 2017 decision in *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514 (2017). (*See* Def.'s Mem. in Supp. of Mot. to Dismiss [Doc. No. 85] ("Def.'s Mem. in Supp.") at 1-2.) In PPG's view, *TC Heartland* upended the law of venue in patent cases, should be applied retroactively, and represents an intervening change in the law such that any waiver of the improper venue argument should be excused. (*See generally id.*)

The Court agreed to consider PPG's motion on an expedited basis, without a hearing. (*See* May 31, 2017 Order [Doc. No. 80] at 1-2.) The parties completed their briefing on June 30, 2017, and the matter is now ripe for a decision.

### III. DISCUSSION

#### A. Change in the Law of Venue

In patent suits, venue is governed by 28 U.S.C. § 1400(b), which provides that "[a]ny civil action for patent infringement may be brought in [1] the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." In 1957, the Supreme Court determined that for purposes of corporate defendants, a corporation "resides" only in its state of incorporation. *See Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222, 226 (1957). In so holding, the Court rejected the argument that § 1400(b) incorporates the broader definition of corporate "residence" contained in the general

3

venue statute, 28 U.S.C. § 1391(c). *See id.* at 228.

Congress has not amended § 1400(b) since *Fourco* was decided. It has, however, amended § 1391 twice. In 1988, Congress amended that statute to provide that "[f]or purposes of venue *under this chapter*, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *See TC Heartland*, 137 S. Ct. at 1519 (emphasis added) (citation omitted). Interpreting this change, the Federal Circuit concluded that Congress meant to amend the definition of "resides" as it appears in § 1400(b), because that section falls in the same chapter as § 1391(c). *See VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574, 1584 (Fed. Cir. 1990). Accordingly, the Federal Circuit held that in a patent case, a corporation resided anywhere it was subject to personal jurisdiction—greatly expanding the venue options for plaintiffs. In so holding, it found that Congress had effectively legislatively abrogated *Fourco*'s prior venue standard. *See id.* at 1583-84.

For twenty-seven years, from 1990 until 2017, *VE Holding* was the governing standard on the matter of venue in patent litigation, and neither party here disputes that fact. Indeed, as recently as 2016, the Federal Circuit reaffirmed its holding in that case and stated explicitly that the argument that Congress had meant by its 2011 amendments to return to the rule in *Fourco* was "utterly without merit or logic." *See In re TC Heartland LLC*, 821 F.2d 1338, 1342 (Fed. Cir. 2016). Under *VE Holding*'s expansive standard, venue was proper in this district at the time this suit commenced.

The nearly three decade long reign of *VE Holding* came to an abrupt end on May 22, 2017, when the Supreme Court released its opinion in *TC Heartland*. Considering the

4

effects of amendments to § 1391(c) in the years since *Fourco* was decided, the Court concluded that the Federal Circuit had been incorrect in determining that Congress had intended to move away from the standard enunciated in that case. *See TC Heartland*, 137 S. Ct. at 1520-21. Thus, the Court returned patent venue law to its status in *Fourco*, holding that "as applied to domestic corporations, 'reside[nce] in § 1400(b) refers only to the State of incorporation." *See id.* at 1521. Under this newly articulated standard, the parties do not disagree that if *TC Heartland* is to be retroactively applied, venue in Minnesota is improper in this case.

Valspar argues, however, that PPG has waived this defense by the untimeliness of its motion. Under Federal Rule of Civil Procedure 12(h)(1), a party is generally held to have waived a defense of improper venue if that party fails to raise that defense in a Rule 12 motion or in a responsive pleading. An exception exists, however, if the defense or objection it belatedly seeks to raise was not "available to the party" at that earlier time. *See* Fed. R. Civ. P. 12(g)(2). Here, PPG argues that prior to the Supreme Court's decision in *TC Heartland*, a defense of improper venue was foreclosed by controlling circuit precedent. And in its view, *TC Heartland* constituted an intervening change in law sufficient to excuse any issue of waiver. *See, e.g.*, *Holland v. Big River Minerals Corp.*, 181 F.3d 597, 605 (4th Cir. 1999) (explaining that an exception exists to the general rule of waiver where "there has been an intervening change in the law recognizing an issue that was not previously available"); *Holzsager v. Valley Hosp.*, 646 F.2d 792, 796 (2d Cir. 1981) ("[A] party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been

5

made, especially when it does raise the objections as soon as their cognizability is made apparent.").

Several district courts have considered precisely this same issue—whether *TC Heartland* constituted an "intervening change in the law" sufficient to excuse waiver—in the wake of the Supreme Court's decision. A number of these courts have found that *TC Heartland* is not an intervening change in the law because it merely corrected a twenty-seven year-long error of the Federal Circuit and reaffirmed the standard first expounded in *Fourco*. *See, e.g.*, *Reebok Int'l Ltd. v. TRB Acquisitions LLC*, No. 3:16-cv-1618-SI, 2017 WL 3016034, at *3 (D. Or. July 14, 2017); *Navico, Inc. v. Garmin Int'l, Inc.*, No. 2:16-cv-190, 2017 WL 2957882, at *2 (E.D. Tex. July 11, 2017); *Chamberlain Grp., Inc. v. Techtronic Indus. Co.*, No. 16-C-6097, 2017 WL 3205772, at *1 (N.D. Ill. June 28, 2017). According to this line of reasoning, *VE Holding* was essentially an *ultra vires* ruling of the Federal Circuit purporting to overrule Supreme Court precedent. Because "[t]he Supreme Court has never overruled *Fourco*, and the Federal Circuit cannot overrule binding Supreme Court precedent," these courts have held that *TC Heartland* did not change the law so much as reassert it. *Cobalt Boats, LLC v. Sea Ray Boats, Inc.*, No. 2:15-cv-21, 2017 WL 2556679, at *2 (E.D. Va. 2017). Unsurprisingly, Valspar urges the Court to apply this same reasoning to the present matter and deny PPG's motion on waiver grounds.

Having carefully considered the matter, however, the Court must respectfully disagree. To conclude that the Federal Circuit purported to overrule the Supreme Court in *VE Holding* mischaracterizes the Federal Circuit's opinion, the Supreme Court's own

holding in *TC Heartland*, and the authority and duties of the appellate courts. Most importantly, *TC Heartland* did *not* hold that *VE Holding* had misconstrued *Fourco*, but rather that it had misconstrued the effect of intervening Congressional amendments to § 1391(c) that occurred thirty years after *Fourco* was decided. *See TC Heartland*, 137 S. Ct. at 1520-21. The Supreme Court's holding itself thus rested primarily on a consideration of the 1988 and 2011 amendments—considerations which by definition were beyond the purview of the *Fourco* holding. Indeed, as one court recently observed:

> The Supreme Court made clear [in *TC Heartland*] that "the only question [it] must answer is whether Congress changed the meaning of § 1400(b) when it amended § 1391"—the same issue *VE Holding* addressed 27 years earlier. *TC Heartland*, 137 S. Ct. at 1520. The Supreme Court disagreed with *VE Holding* in this regard, but it did not do so on the ground that *VE Holding* had improperly 'overruled' *Fourco*.

*OptoLum, Inc. v. Cree, Inc.*, No. CV-16-3828-PHX-DLR, 2017 WL 3130642, at *3 (D. Ariz. July 24, 2017).

Furthermore, this Court notes that courts around the country, including the courts of appeals, are routinely tasked with determining whether subsequent legislative amendments to statutes previously construed by the Supreme Court impact that analysis. On occasion, they later learn from the Supreme Court that they were mistaken in their decisions. But in the interim, no one doubts that the circuit court's decision is within its authority and binding on the parties until and unless the Supreme Court (or the circuit court sitting *en banc*) says otherwise. *See, e.g.*, *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016) ("The district court does not have the authority to ignore circuit court precedent, and neither do we."); *Centurion v. Holder*, 755 F.3d 115, 123 (2d

7

Cir. 2014) ("We are bound by our own precedent unless and until its rationale is overruled, implicitly or expressly, by the Supreme Court or this court *en banc*."). This is so *even if* the district court is of the opinion that the circuit court decision misapplied the law, or conflicts with Supreme Court precedent. *See, e.g.*, *City of Dover v. EPA*, 40 F. Supp. 3d 1, 4 (D.D.C. 2013) (holding that even if the D.C. Circuit had misapplied the Supreme Court case of *Foman v. Davis*, "this Court is bound by the D.C. Circuit's interpretation of *Foman* . . . ."); *Medwig v. Long Island R.R.*, No. 06-cv-2568 (FM), 2007 WL 1659201, at *4 ("Moreover, even if [the defendant]'s prognostication as to the Supreme Court's thinking were correct, existing Second Circuit case law is squarely to the contrary. It is settled law that a district court in this Circuit is bound by such decisions unless and until they have been overruled by the Supreme Court or the law is otherwise changed.").

In any event, to hold that *Fourco* remained good law at all times over the last twenty-seven years, and thus that PPG should have raised the improper venue defense at the time this case was filed, effectively ignores reality. If, prior to the Supreme Court's recent decision, PPG had attempted to raise the argument in this Court (or likely any district court) that *VE Holding* was not binding authority on the issue of patent venue, they would not have been successful. Indeed, the district court in *TC Heartland* effectively so ruled. *See Kraft Foods Grp. Brands LLC v. TC Heartland, LLC*, No. 14-28-LPS, 2015 WL 5613160, at *2 (D. Del. Sept. 24, 2015) ("[T]he 2011 [amendment to § 1391] did not undo the Federal Circuit's decision in *VE Holding Corp.* . . . ."). It is illogical and unfair to argue that PPG erred by not making an argument that both this

8

Court and the parties knew would have been rejected—just as it had consistently been rejected around the country for a quarter of a century. *See OptoLum*, 2017 WL 3130642, at *3 ("Many of the district court cases finding waiver of the venue defense have premised their rulings on the notion that circuit courts have no authority to 'overrule' the Supreme Court, and therefore *Fourco* has always governed venue in patent cases despite *VE Holding*. But these cases fail to explain why, if *Fourco* remained controlling, courts throughout the country consistently applied *VE Holding* in patent litigation for nearly 30 years.").

Valspar responds, in part, by arguing that raising the defense of improper venue was not pointless at the time this case commenced, because, just as TC Heartland did, PPG could have ultimately prevailed upon the Supreme Court to take its case on certiorari and overrule *VE Holding*. (*See* Pls.' Mem. in Opp. [Doc. No. 88] at 11.) The Court observes, however, that Valspar's argument would mean that no party could *ever* rely on the argument that a defense was "unavailable" because *all* precedent (even Supreme Court precedent) can theoretically be overturned on certiorari. *See CG Tech. Development, LLC v. FanDuel, Inc.*, No. 2:16-cv-00801-RCJ-VCF, 2017 WL 3207233, at *2 (D. Nev. July 27, 2017). In the Court's view, it is simply too much to expect a defendant to either anticipate every possible change in the law when answering a complaint or risk being deemed to have waived the argument. *See OptoLum*, 2017 WL 3130642, at *4.

### B. Defendant's Motion to Amend Its Answer

The Court concludes that PPG cannot fairly be held to have waived the defense of

9

improper venue because the defense was not available to it before the Supreme Court's decision in *TC Heartland*, which the Court finds to have been an intervening change in the law. *See id.* at *3; *see also Ironburg Inventions Ltd. v. Valve Corp.*, No. 1:15-cv-4219-TWT, 2017 WL 3307657, at *2 (N.D. Ga. Aug. 3, 2017); *Westech Aerosol Corp. v. 3M Co.*, No. C17-5067-RBL, 2017 WL 2671297, at *2 (W.D. Wash. June 21, 2017); *Steubing Automatic Mach. Co. v. Gavronsky*, No. 1:16-cv-576 (S.D. Ohio June 12, 2017). That change must be applied retroactively. *See Harper v. Va. Dep't of Taxation*, 509 U.S. 86, 97 (1993).

To facilitate its motion to transfer, PPG requests that the Court permit it to amend its answers pursuant to Federal Rule of Civil Procedure 15(a)(2) to deny that venue is appropriate in this district, and to assert the defense of improper venue. (*See* Def.'s Mem. in Supp. at 13.) Under that rule, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). For the reasons specified above, the Court finds that PPG applied to amend as soon as reasonably possible based on new developments in the law, and thus have not demonstrated the sort of undue delay, bad faith, or dilatory motive that would warrant rejecting its motion. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Pauling v. Globe-Democrat Pub. Co.*, 362 F.2d 188, 198 (8th Cir. 1966) (noting that leave to amend based on intervening change in law was granted on the eve of trial). The Court will thus permit PPG to amend its answer as it requests.

### C.   Transfer Pursuant to 28 U.S.C. § 1406

As previously noted, 28 U.S.C. § 1400(b) provides that a civil action for patent

infringement may be brought "in [1] the judicial district where the defendant resides, or [2] where the defendant has committed acts of infringement and has a regular and established place of business." Here, PPG is not incorporated in Minnesota, making venue improper under the first prong of § 1400(b). *See TC Heartland*, 137 S. Ct. at 1521. PPG likewise asserts that it has committed no "acts of infringement" in this district, nor does it have any "regular and established place[s] of business" here. (*See* Def.'s Mem. in Supp. at 3-4.) Accordingly, under the dictates of *TC Heartland*, PPG contends that venue in this district is improper, and the case must be dismissed or transferred. (*See id.*) Although PPG primarily requests that the Court dismiss the matter, in the alternative it recommends transfer to the Western District of Pennsylvania, where venue is indisputably proper. (*See id.* at 1, 5.)

Once a defendant has raised an objection to venue, the burden is on the plaintiff to demonstrate that venue is properly laid. *See CompareMurphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004); *Intercoast Capital Co. v. Wailuku River Hydroelectric Ltd. P'ship*, No. 4:04-cv-40304, 2005 WL 290011, at *3 (S.D. Iowa Jan. 19, 2005). Here, Valspar makes no argument that PPG has committed "acts of infringement" in Minnesota, nor has it asserted that it maintains a "regular and established place of business" here. (*See* Pl.'s Mem. in Opp. [Doc. No. 412] at 24-25.) Rather, Valspar contends primarily that the Court should order venue-related discovery to allow it to test PPG's assertions. (*See id.* at 25.)

"Generally, district courts have broad discretion in determining whether to grant limited discovery to explore jurisdictional facts (including venue)." *Johnson v. Emerson*

*Elec. Co.*, No. 4:13-cv-1240-JAR, 2013 WL 5442752, at *4 (E.D. Mo. Sept. 30, 2013) (citations omitted); *accord* OptoLum, 2017 WL 3130642, at *6. Having carefully considered the matter, the Court is of the opinion here that further discovery on this limited issue would be unfruitful. Most centrally, the parties have already exhaustively explored the question of PPG's connections to this forum in the briefing and supporting materials tied to PPG's prior motion to transfer under 28 U.S.C. § 1404(a). The record from that hearing, since corroborated by new declarations filed by PPG in connection with the present motion, does not reveal any support for the position that PPG has committed acts of infringement in this district. (*See, e.g.*, McMillan Decl. [Doc. No. 86] ¶ 4 ("PPG has conducted no research, development, scale-up, manufacturing, commercialization, or marketing or sales activities for Innovel in Minnesota. PPG has not sold or offered for sale Innovel to any company within Minnesota.").) Nor does the record suggest that PPG has a "regular and established place of business" here. (*See, e.g.*, *id.* ¶ 5 ("PPG owns no facilities in Minnesota, whether related to Innovel or otherwise.").) In the nearly one year of discovery that has occurred in the interim, Valspar has apparently discovered no additional facts suggesting that venue would be proper under the second prong of § 1400(b). If, after all the attention that has been brought to bear on the issue, no such evidence has surfaced, the Court cannot fairly conceive that Valspar would be able to uncover anything new after more delay has been incurred. *Cf.* OptoLum, 2017 WL 3130642, at *6. Accordingly, the Court denies Valspar's request for venue-related discovery.

It remains to decide whether dismissal or transfer is the most appropriate

disposition for this matter. Pursuant to § 1406(a), the Court must dismiss unless transfer would "be in the interest of justice." Here, the Court concludes that it would be. While this case has not yet progressed to the point of dispositive motions or claim construction, it has advanced far enough that it would serve only to delay the progress of justice to require Valspar to start again at square one. *Cf. Giroir v. MBank Dallas, N.A.*, 676 F. Supp. 915, 923 (E.D. Ark. 1987) (observing that transfer was most appropriate disposition where parties had already begun discovery and plaintiff would likely quickly refile). Accordingly, the Court will exercise its discretion to transfer this case to the Western District of Pennsylvania. *See* 28 U.S.C. § 1406(a).

## IV. ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss for Improper Venue [Doc. No. 84] is **GRANTED**.
   a. This action is transferred to the United States District Court for the Western District of Pennsylvania; and
   b. The Clerk of Court is directed to effect the transfer.


Dated: August 4, 2017                          s/Susan Richard Nelson
                                               SUSAN RICHARD NELSON
                                               United States District Judge